## AUSTIN CAVANAUGH, PETITIONER, v. SNYDER & ROBBINS, RESPONDENT.

**Doctor's Compensation—Employer Took Employe to Hospital and Provided Legal Care—Employe's Kinsman Insisted Upon Removing Employe and Procuring Other Medical Care—Held, That Employer Had Done His Full Duty and was Not Liable for Second Doctor's Bill—Employe Cannot Dictate the Agencies Necessary to Render the Statutory Service.**

This is an action brought under the Workmen's Compensation act for a recovery of medical expenses incurred by the petitioner who was injured as result of the falling of an elevator causing him serious injury. The facts of the case, briefly stated, are as follows:

Immediately following the occurrence, Mr. Snyder, of the respondent company, called a physician and secured an ambulance and had the petitioner removed to the Ann May Hospital at Spring Lake. Shortly after reaching the hospital the injured man's brother and sister came to the institution and insisted that the petitioner be removed to another hospital. Mr. Snyder urged the inadvisability of this action and plead with them to permit the young man to remain in the hospital where he then was under the care of the doctor selected by him. These relatives objected to this course so strenuously that Mr. Snyder left them, and after signing certain papers the brother and sister removed the injured youth to another hospital and placed him under the care of Dr. Taylor, and this action is to secure payment of the bills so contracted.

### OPINION.

A study of the above summary of facts fails to indicate wherein the employer fell short of meeting the requirements of the law. The history of the case shows that he took all necessary steps to furnish the medical service required of him. He even urged and plead with the persons who as-

51

sumed charge of the injured to permit of the carrying out of the arrangements which had been made. I am unable to conclude that the employer is obliged to go further. If the injured person failed to reap all the benefits which were due him under the act, it was the result of no dereliction of the employer, but due to the injured man's relatives, whose action deprived him of the service the employer stood prepared to render. The injured person must hold them responsible for any miscarriage of the terms of the Compensation law.

The statute does not grant to an injured man the privilege of dictating to the employer what agencies shall be employed to render the necessary service. Much less, then, does it delegate to the injured's relatives this power.

The petitioner's attorney contends that the petitioner cannot be deprived of his full rights under the act because he could not be bound by the actions of his brother and sister. I cannot see but that this statement is equally applicable to the employer, who also could not be bound by the actions of these relatives.

One of the provisos of paragraph 14 of the act specifies that the employer shall not be liable for any amount expended by the employe or by any third person on his behalf, unless the employer shall have refused or neglected to supply medical care, or unless the circumstances are so peculiar as shall justify in the opinion of the workmen's compensation bureau the expenditure assumed by the employe. In the present instance the employer did not refuse nor neglect to furnish the needed service, and we fail to find anything whatever peculiar in the circumstances of this case. Under this proviso, therefore, this employer cannot be held liable for the obligations incurred by the third party on behalf of the petitioner.

### ORDER.

It is, therefore, on this 22d day of June, 1926, ordered that this action be dismissed.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*